United States Court of Appeals

Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40911
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GREGORIO VILLAFRANCA-CASTRO,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-108-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Gregorio Villafranca-Castro appeals his guilty-plea

conviction and sentence for being found in the United States,

without permission, following his conviction of an aggravated

felony and subsequent removal.  See 8 U.S.C. § 1326(a), (b).

        For the first time on appeal, Villafranca-Castro argues that

the sentencing provisions in 8 U.S.C. § 1326(b) are

unconstitutional.  Villafranca-Castro acknowledges that his

argument is foreclosed by Almendarez-Torres v. United States, 523

———————————————

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 224, 235 (1998), but seeks to preserve the issue for review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). However, Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Also for the first time on appeal, Villafranca-Castro, relying on the possibility that Almendarez-Torres will be overruled, as well as on Blakely v. Washington, 542 U.S. 296 (2004), argues that the Federal Sentencing Guidelines are unconstitutional because they permit the enhancement of a sentence based on a defendant's prior convictions. The argument fails because Almendarez-Torres has not been overruled, and the enhancement of a sentence based on prior convictions does not violate the Sixth Amendment. United States v. Booker, 125 S. Ct. 738, 756 (2005).

Finally, Villafranca-Castro argues that the district court erred by sentencing him under the mandatory Sentencing Guidelines scheme held unconstitutional in Booker. See id. We review for plain error. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). Villafranca-Castro has satisfied the first two prongs of the plain error analysis by showing that the district court committed error that was plain. See id. The

error is not a structural one, however, and Villafranca-Castro has not satisfied the third prong of the plain error analysis by showing that the error affected his substantial rights.  See id. at 600-01.

For the foregoing reasons, the judgment of the district court is AFFIRMED.